1  JOSEPH A. WALKER, State Bar No. 47223
   JASON MATTHEW LAMB, State Bar No. 222191
2  THE WALKER LAW FIRM,
   A Professional Corporation
3  1301 Dove Street, Suite 720
   Newport Beach, CA 92660-2464
4  Telephone: (949) 752-2522
   Facsimile: (949) 752-0439
5  e-mail: jwalker@twlf.net & jlamb@twlf.net

6  Attorneys for Plaintiff,
   PANAVISE PRODUCTS, INC.
7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11 PANAVISE PRODUCTS, INC., a Nevada )  Case No.: **SACV11-00501 JST (RNBx)**
   corporation,                       )  Assigned to Hon. _____
12                                     )
                                       )
13          Plaintiff,                 )  COMPLAINT FOR:
                                       )
14      v.                             )  1.  PATENT INFRINGEMENT;
                                       )  2.  TRADE DRESS INFRINGEMENT
15 EFORCITY CORPORATION, a             )      UNDER 15 U.S.C. § 1125(A);
   California corporation,             )  3.  VIOLATION UNDER § 43(A) OF
16                                     )      THE LANHAM ACT;
                                       )  4.  STATE AND COMMON LAW
17          Defendant.                 )      MISAPPROPRIATION AND UNFAIR
                                       )      COMPETITION;
18                                     )  5.  STATUTORY UNFAIR COMPETITION
                                       )      IN VIOLATION OF CALIFORNIA
19                                     )      BUSINESS & PROFESSIONS CODE
                                       )      §§ 17200, ET SEQ.; AND
20                                     )  6.  PASSING OFF UNDER § 43(A) OF
                                       )      LANHAM ACT, 15 U.S.C.
21                                     )      § 1125(A).
                                       )
22 ─────────────────────────────────── )  DEMAND FOR JURY TRIAL

23      **COMES NOW** Plaintiff, PANAVISE PRODUCTS, INC., a Nevada

24 corporation ("PanaVise Products" and/or "Plaintiff"), for claims for

25 relief against Defendant, EFORCITY CORPORATION, a California

26 corporation ("EForCity" and/or "Defendant"), complaining and alleging

27 as follows:

28 / / /

─────────────────────────────────────────────────────────────

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code; trade dress infringement arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, et seq., 15 U.S.C. § 1125(a) and under § 43 of the Lanham Act, and, as such, this Court has jurisdiction over the subject matter of this action under Lanham Act § 39(a), 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).  Plaintiff invokes supplemental jurisdiction of this Court under 28 U.S.C. §§ 1338(b) and 1367(a) to consider claims arising under state law.

2.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3.    PanaVise Products is a Nevada corporation, organized and existing under the laws of the State of Nevada, with its principal place of business located at 7540 Colbert Drive, in the City of Reno, County of Washoe, State of Nevada.  PanaVise Products is engaged in the manufacture, distribution, and sale of suction cup mounts under the registered trademark "PANAVISE" and the common law trademark "PV 809".

4.    Plaintiff is informed and believes, and upon such information and belief alleges that Defendant is a California corporation, organized and existing under the laws of the State of California, with its principal place of business located at 12339 Denholm Drive, in the City of El Monte, County of Los Angeles, State of California.  Plaintiff is informed and believes, and upon such

1   information and belief alleges that Defendant also has a shipping

2   address located at P.O. Box 1368, in the City of Arcadia, County of

3   Los Angeles, State of California.  Plaintiff is informed and believes,

4   and upon such information and belief alleges that Defendant, through

5   its agents, employees, shareholders, and attorneys, is engaged in the

6   manufacture, importation, distribution, and/or sales of suction cup

7   mounts (identified by Defendant as "Universal GPS Holder-Windshield

8   Mount" or "Car Window Suction Cup Mount Tripod Holder for Camera") on

9   a nationwide basis, including within the Central District of

10  California, by direct retail sales and/or shipments directly to

11  consumers.

12                      **FIRST CLAIM FOR RELIEF**

13       **(Patent Infringement – United States Patent No. D521850)**

14       5.   Plaintiff realleges, refers to and herein incorporates by

15  reference each and every allegation contained in Paragraphs 1 through

16  4 of this Complaint as though fully set forth herein.

17       6.   On May 30, 2006, United States Patent No. D521850 (the "'850

18  Patent"), for a design entitled "Window Grip," was duly and legally

19  issued in the names of Inventors, Gary Lee Richter and Bruce Edward

20  Richter.  By virtue of proper assignment, PanaVise Products has

21  acquired and duly owns all right, title, and interest in the '850

22  Patent, including the right to sue and recover for infringement

23  thereof.  Attached hereto as **EXHIBIT A** is a true and correct copy of

24  the '850 Patent, and the assignment which are incorporated herein by

25  reference as though fully set forth.

26       7.   Since or about November 20, 2003, Window Grips manufactured,

27  distributed, and sold by Plaintiff have been marked to indicate that

28  such products were subject to a pending patent.

1    8.    Since or about May 30, 2006, Window Grips manufactured,

2   distributed, and sold by Plaintiff have been marked to indicate that

3   such products are patented under the '850 Patent.

4    9.    The Defendant, through its agents, employees, shareholders,

5   and attorneys, has infringed the '850 Patent pursuant to 35 U.S.C.

6   Section 271 by:

7            (a)   directly infringing through the acts of manufacturing,

8                  importing, distributing, offering to sell, and/or

9                  selling suction cup mounts embodying the ornamental

10                 design of the Window Grip as shown and described

11                 therein;

12           (b)   contributorily infringing through the acts of

13                 manufacturing, importing, distributing, offering to

14                 sell, and/or selling components of suction cup mounts

15                 constituting a material part of such design knowing the

16                 components to be especially made or adapted for use in

17                 infringing the '850 Patent and not commodities suitable

18                 for substantial noninfringing use; and/or

19           (c)   inducing infringement through the acts of

20                 manufacturing, importing, distributing, offering to

21                 sell, and/or selling components constituting a material

22                 part of such design, knowing the components to be

23                 especially made or adapted for use in infringing the

24                 '850 Patent and not commodities suitable for

25                 substantial non-infringing use.

26   The Defendant, through its agents, employees, shareholders, and

27   attorneys, has committed the above-mentioned acts within this judicial

28   / / /

1  district and throughout the United States of America, and will

2  continue to do so unless enjoined by this Court.

3    10.  Plaintiff is informed and believes, and upon such

4  information and belief alleges that the Defendant's acts of

5  infringement have been committed willfully and with knowledge of

6  Plaintiff's patent rights.

7    11.  Plaintiff is informed and believes, and upon such

8  information and belief alleges that the Defendant, through its agents,

9  employees, shareholders, and attorneys, is unlikely to cease its

10 infringing acts upon receipt of this Complaint.

11   12.  Plaintiff has suffered and is suffering damages, including

12 impairment of the value of the '850 Patent, in an amount yet to be

13 determined.

14   13.  Defendant's acts of infringement are causing irreparable

15 harm to Plaintiff and will continue to cause irreparable harm unless

16 enjoined by this Court.

17   14.  Plaintiff is informed and believes, and upon such

18 information and belief alleges that the Defendant's acts of

19 infringement have resulted and are currently resulting in substantial

20 unjust profits and unjust enrichment on the part of the Defendant in

21 an amount yet to be determined.

22                    **SECOND CLAIM FOR RELIEF**

23          **(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

24   15.  Plaintiff realleges, refers to and herein incorporates by

25 reference each and every allegation contained in Paragraphs 1 through

26 14 of this Complaint as though fully set forth herein.

27   16.  Plaintiff has been and is engaged in the business of

28 manufacturing, distributing, and selling suction cup mounts.  Since at

1 least as early as 2003, Plaintiff has actively advertised, promoted

2 and publicized its products to the trade and the public. Plaintiff

3 has acquired and developed substantial and valuable goodwill for

4 itself and its products among those in the trade and the public as a

5 result of: (a) Plaintiff's extensive sales and distribution throughout

6 the United States of America and internationally of its products; (b)

7 the high quality of Plaintiff's products; and (c) Plaintiff's

8 advertising and publicity of its products.

9     17. Plaintiff began to use a certain size, shape, color, and

10 texture as features in the PanaVise Products' suction cup mounts at

11 least as early as 2003 as a trade dress for its goods.

12     18. Plaintiff is informed and believes, and upon such

13 information and belief alleges that the Defendant's sales of suction

14 cup mounts (identified by Defendant as "Universal GPS

15 Holder-Windshield Mount" or "Car Window Suction Cup Mount Tripod

16 Holder for Camera") for use with various products are facsimiles of

17 Plaintiff's trade dress for its suction cup mounts (identified by

18 Plaintiff as WINDOWGRIP DELUXE™, model no. PV-809), when considered as

19 a whole (with regard to size, shape, color, and textures).

20     19. The Defendant, through its agents, employees, shareholders,

21 and attorneys, began to use substantially similar sizes, shapes,

22 colors, and textures on his suction cup mounts in an area where

23 Plaintiff was already advertising and selling its suction cup mounts.

24     20. The design and appearance of the trade dress of Plaintiff's

25 suction cup mounts were all original creations developed expressly by

26 and for Plaintiff. Plaintiff is informed and believes, and upon such

27 information and belief alleges that Plaintiff was the first to make

28 use of the design and trade dress.

1    21.   The Defendant's use of Plaintiff's design and trade dress
2  was without the consent of Plaintiff.

3    22.   Plaintiff's trade dress is non-functional.

4    23.   Plaintiff's trade dress has acquired secondary meaning.

5    24.   The Defendant's trade dress has caused, and is likely to
6  cause, confusion among ordinary purchasers as to the source of
7  Plaintiff's and the Defendant's goods.

8    25.   As a result of the Defendant's actions, Plaintiff has
9  sustained and continues to experience special and general damages in
10 an amount of $ 100,000.00 or more to be determined according to proof
11 at the time of trial.

12                       **THIRD CLAIM FOR RELIEF**

13                **(Violation Under § 43(a) of Lanham Act)**

14   26.   Plaintiff realleges, refers to and herein incorporates by
15 reference each and every allegation contained in Paragraphs 1 through
16 25 of this Complaint as though fully set forth herein.

17   27.   Plaintiff has caused the trade and public to recognize the
18 product design and trade dress of Plaintiff's suction cup mounts as
19 symbols of Plaintiff's goods by virtue of: (a) its original use of the
20 design and appearance of the trade dress of its suction cup mounts;(b)
21 its advertising, publicity and promotion of its suction cup mounts;
22 and (c) its commercial success of its suction cup mounts throughout
23 the trade and with the public.  The design and trade dress which
24 Plaintiff has created symbolizes goodwill of significant value. As a
25 result of the Defendant's actions, Plaintiff has sustained and
26 continues to experience special and general damages in an amount to be
27 determined according to proof at the time of trial.

28 / / /

1  28. The Defendant, through its agents, employees, shareholders,
2  and attorneys, is now manufacturing, importing, distributing,
3  advertising and selling in interstate commerce, including within the
4  State of California and the Central District of California, suction
5  cup mounts which imitate the distinctive design and trade dress of
6  Plaintiff's suction cup mounts in their overall appearance and shape.

7  29. Plaintiff is informed and believes, and upon such
8  information and belief alleges that the Defendant, through its agents,
9  employees, shareholders, and attorneys, have advertised, promoted and
10 publicized their suction cup mounts throughout the trade and with the
11 public.

12  30. Plaintiff learned of the Defendant's appropriation of the
13 appearance and design and Plaintiff's trade dress of its suction cup
14 mounts in or about March 2011.

15  31. Plaintiff is informed and believes, and upon such
16 information and belief alleges that Defendant's distribution and sale
17 of Defendant's suction cup mounts within and outside of this judicial
18 district, and in commerce, continues at present.

19  32. Plaintiff's design and trade dress have come to serve as a
20 designation of origin of Plaintiff's suction cup mounts and as a
21 symbol of the goodwill which Plaintiff has established for its product
22 by virtue of: (a) its original design and appearance of its suction
23 cup mounts; (b) its extensive advertising, publicity and promotion of
24 its suction cup mounts; and (c) its extensive sales of its suction cup
25 mounts.

26  33. The Defendant's use of Plaintiff's suction cup mounts'
27 design and trade dress constitutes a false designation or
28 representation, which has misled, and is likely to continue to

1   mislead, the public into believing that the Defendant's suction cup

2   mounts are manufactured by Plaintiff or produced under its supervision

3   and control or with its endorsement or approval.  As a result of the

4   public acceptance of Plaintiff's suction cup mounts, the Defendant's

5   suction cup mounts have been and will continue to be mistaken for

6   Plaintiff's suction cup mounts.

7       34.  The Defendant's aforementioned acts of false designation of

8   origin and false descriptions and representation have damaged

9   Plaintiff in an amount to be determined according to proof at the time

10  of trial.

11      35.  The Defendant's acts of false designation of origin and

12  false descriptions and misrepresentations in violation of § 43(a) of

13  the Lanham act (15 U.S.C. §1125(a)) have caused irreparable harm, for

14  which Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**(State and Common Law Misappropriation**

**and Unfair Competition)**

18      36.  Plaintiff realleges, refers to and herein incorporates by

19  reference each and every allegation contained in Paragraphs 1 through

20  35 of this Complaint as though fully set forth herein.

21      37.  Plaintiff is informed and believes, and upon such

22  information and belief alleges that the Defendant, through its agents,

23  employees, shareholders, and attorneys, has distributed, sold,

24  advertised, publicized, and promoted its products within the State of

25  California.  The Defendant's use of Plaintiff's suction cup mounts

26  design, pictures, text, appearance, and trade dress has caused and is

27  likely to cause confusion between the Defendant and his products and

28  Plaintiff and its products, and such use by the Defendant, through its

1  agents, employees, shareholders, and attorneys, infringes the valuable
2  common law right of Plaintiff in its product design and appearance and
3  its trade dress.

4      38.   The Defendant's activities also constitute unfair
5  competition with Plaintiff by creating confusion as to the source or
6  sponsorship of the suction cup mounts distributed and sold by the
7  Defendant, and by misappropriating the fine reputation of Plaintiff in
8  its product design, appearance, and trade dress, thereby injuring that
9  reputation and goodwill and diverting from Plaintiff the benefits
10 arising from that reputation and goodwill.

11     39.   As a result of the Defendant's acts of infringement, unfair
12 competition, and misappropriation, the Defendant, through its agents,
13 employees, shareholders, and attorneys, has damaged Plaintiff who has
14 sustained and continues to experience special and general damages in
15 an amount to be determined according to proof at the time of trial.

16     40.   The Defendant's aforementioned acts of infringement, unfair
17 competition and misappropriation have caused irreparable harm to
18 Plaintiff and, unless enjoined by this Court, will continue to cause
19 such irreparable harm, for which Plaintiff has no adequate remedy at
20 law.

21                     **FIFTH CLAIM FOR RELIEF**

22          (**Statutory Unfair Competition In Violation of California**
23          **Business & Professions Code § 17200, et seq.**)

24     41.   Plaintiff realleges, refers to and herein incorporates by
25 reference each and every allegation contained in Paragraphs 1 through
26 40 of this Complaint as though fully set forth herein.

27     42.   Plaintiff is informed and believes, and upon such
28 information and belief alleges that the above-described conduct of

1   Defendant was (1) an unlawful business practice, (2) an unfair

2   business practice, (3) a fraudulent business practice, and (4)

3   deceptive, unfair, false and misleading advertising, which constitutes

4   unfair competition under California Business & Professions Code §

5   17200, et seq.

6       43.   As a result of the Defendant's actions, Plaintiff has

7   suffered injury in fact and has lost money.

8       44.   As a result of the Defendant's actions, Plaintiff has

9   sustained and continues to experience damages in an amount to be

10  determined according to proof at the time of trial.

11      45.   By reason of the Defendant's actions alleged herein,

12  Plaintiff has suffered, and will continue to suffer, irreparable harm

13  unless and until the Defendant's conduct is enjoined.

14                    **SIXTH CLAIM FOR RELIEF**

15                 **(Passing Off Under § 43(a)**

16              **of Lanham Act, 15 U.S.C. §1125(a))**

17      46.   Plaintiff realleges, refers to and herein incorporates by

18  reference each and every allegation contained in Paragraphs 1 through

19  45 of this Complaint as though fully set forth herein.

20      47.   Plaintiff is informed and believes, and upon such

21  information and belief alleges that the Defendant, through its agents,

22  employees, shareholders, and attorneys, has distributed, sold,

23  advertised, publicized, and promoted their products in interstate

24  commerce.

25      48.   The Defendant's use of Plaintiff's trade dress is a false

26  designation or false representation that has caused and is likely to

27  mislead consumers into believing that the Defendant's suction cup

28  mounts are manufactured by Plaintiff or produced under its supervision

1  and control or with its endorsement or approval.  The passing off
2  occurs because there is a likelihood of consumer confusion.  As a
3  result of the public acceptance of Plaintiff's suction cup mounts, the
4  Defendant's suction cup mounts have been and will continue to be
5  purchased as, and for, Plaintiff's suction cup mounts.

6      49.  Plaintiff's trade dress is non-functional.

7      50.  Plaintiff's trade dress has acquired secondary meaning.

8      51.  Plaintiff is informed and believes, and upon such
9  information and belief alleges that the Defendant's suction cup mounts
10 are facsimiles of Plaintiff's trade dress for its suction cup mounts,
11 when considered as a whole (with regard to size, shape, color, and
12 textures).

13     52.  The aforementioned acts of false designation of origin and
14 false representation by the Defendant, through its agents, employees,
15 shareholders, and attorneys, has damaged Plaintiff in an amount to be
16 determined according to proof at the time of trial.

17     53.  By reason of the Defendant's actions alleged herein,
18 Plaintiff has suffered, and will continue to suffer, irreparable harm
19 unless and until the Defendant's conduct is enjoined.

20                          **PRAYER FOR RELIEF**

21     **WHEREFORE**, PanaVise Products prays for judgment as follows:

22                      **AS TO ALL CLAIMS FOR RELIEF**

23     A.  For preliminary and permanent injunctions enjoining each
24 Defendant, its divisions, subsidiaries, parents, affiliates and their
25 respective officers, agents, servants, employees and attorneys, and
26 those persons in active concert or participation with any of them,
27 from:

28 / / /

1.   Making, using, selling, offering for sale, or importing within the United States, its territories and possessions, the Plaintiff's products covered by the '850 Patent;

2.   Reproducing, copying, counterfeiting, colorably imitating or otherwise using Plaintiff's trade dress;

3.   Offering for distribution, distributing, offering for sale, selling, advertising, publicizing or promoting any suction cup mounts whose design, appearance and trade dress so resemble the distinctive design, appearance, and trade dress of Plaintiff's suction cup mounts as to be likely to cause confusion, mistake, or deception;

4.   Using in connection with the Defendant's products any false or deceptive designation, representation or description of it or its products, whether by words, symbols, product design or appearance, or trade dress, which would damage Plaintiff;

5.   Using any false designation of origin, false advertising, false impression or false representation that tends to pass off the Defendant's products as those of PanaVise Products in a way that is likely to cause confusion, or likely to deceive as to the affiliation;

6.   Engaging in any acts of state or common law infringement or unfair competition which injure or would tend to injure PanaVise Products;

7.   Engaging in any acts causing injury to the business reputation of PanaVise Products or dilution of the distinctive quality of its product design and appearance or trade dress;

8.   Trading upon or appropriating the goodwill and business reputation of PanaVise Products; and/or

9.   Inducing, encouraging, aiding, abetting or contributing to any of the aforementioned acts.

B.   That each Defendant file with the Court and serve on PanaVise Products' counsel within thirty (30) days after service on the Defendant of an injunction order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction order;

C.   That all suction cup mounts, in the possession or under control of the Defendant, and all plates, molds, matrices and other means of manufacturing or making the same, which might, if used, violate the order herein granted, be delivered up and destroyed as the Court shall direct;

D.   That each Defendant be required to account and pay over to PanaVise Products all gains, profits, advantages, benefits derived by the  from sales of suction cup mounts that infringe the '850 Patent, and, in addition, pay the damages which PanaVise Products has sustained from or by reason of the Defendant's acts of infringement of the '850 Patent, together with legal interest accrued from the date thereof, and that the total amount of damages be increased to a sum not exceeding three times the amount thereof as provided for by 35 U.S.C. Section 284;

E.   That each Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts of trademark infringement, false designation of origin, unfair competition, and unfair and deceptive

1   trade practices, together with interest, and that Plaintiff's recovery

2   be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §

3   1117);

4      F.   That each Defendant be required to account and pay over to

5   PanaVise Products all gains, profits, advantages, benefits derived by

6   the  and, in addition, the damages which PanaVise Products has

7   sustained from or by reason of the Defendant's acts of unfair

8   competition, unlawful business practice, unfair business practice,

9   fraudulent business practice, deceptive, unfair, false and misleading

10  advertising, false and deceptive designation and description, unlawful

11  trading upon and appropriation of the good will and reputation of

12  PanaVise Products in violation of California Statutes, together with

13  legal interest accrued from the date thereof, and that the total

14  amount of damages be increased to a sum not exceeding three times the

15  amount thereof as provided for by 35 U.S.C. Section 284;

16     G.   That each Defendant be required to pay Plaintiff,

17  Plaintiff's lost profits due to Defendant's acts of patent

18  infringement, unfair competition, unlawful business practice, unfair

19  business practice, fraudulent business practice, deceptive, unfair,

20  false and misleading advertising, false and deceptive designation and

21  description, unlawful trading upon and appropriation of the good will

22  and reputation of PanaVise Products in violation of California

23  Statutes, together with legal interest accrued from the date thereof,

24  and that the total amount of damages be increased to a sum not

25  exceeding three times the amount thereof as provided for by 35 U.S.C.

26  Section 284;

27     H.   For general damages in the amount of $100,000.00, or more

28  according to proof;

1    I.    For special damages in the amount of $100,000.00, or more
2  according to proof;
3    J.    For punitive damages in an amount according to proof;
4    K.    For reasonable attorneys' fees;
5    L.    For costs of the suit; and
6    M.    That PanaVise Products have such other and further relief as
7  this Court deems just and proper.

8                 **AS TO THE FIRST CLAIM FOR RELIEF**

9    N.    That the present case be found exceptional and that
10  attorney's fees be awarded to PanaVise Products under 35 U.S.C.
11  Section 285;
12    O.    That PanaVise Products be awarded additional remedy for
13  infringement of a design patent, as appropriate, under 35 U.S.C.
14  Section 289; and

15          **AS TO THE THIRD AND SIXTH CLAIMS FOR RELIEF**

16    P.    That the present case be found exceptional and that
17  attorney's fees be awarded to PanaVise Products under Lanham Act §35
18  (15 U.S.C. Section 1117).

19

20  DATE: March  31 , 2011              **THE WALKER LAW FIRM,**
                                       **A Professional Corporation**
21
22                            By:   _____
23                                  JOSEPH A. WALKER
                                    JASON MATTHEW LAMB
24                                  Attorneys for Plaintiff, PANAVISE
                                    PRODUCTS, INC.
25
26
27
28

1

## DEMAND FOR A JURY TRIAL

2        Plaintiff, PANAVISE PRODUCTS, INC., hereby demands trial by jury

3   as provided by Rule 38 of the Federal Rules of Civil Procedure and

4   Local Rule 38-1.

5

6   DATE: March 31 , 2011                    THE WALKER LAW FIRM,
                                            A Professional Corporation
7

8                               By:   _____

9                                     JOSEPH A. WALKER
                                      JASON MATTHEW LAMB
10                                    Attorneys for Plaintiff, PANAVISE
                                      PRODUCTS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\JASON\Pleadings\146-78 Complaint.wpd          -17-                          COMPLAINT

(12) **United States Design Patent**
Richter et al.

(10) Patent No.: **US D521,850 S**
(45) Date of Patent: ✱✱ **May 30, 2006**

---

(54) **WINDOW GRIP**

(75) Inventors: **Gary Lee Richter**, Reno, NV (US); **Bruce Edward Richter**, Reno, NV (US)

(73) Assignee: **Panavise Products, Inc.**, Reno, NV (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/194,089**

(22) Filed: **Nov. 20, 2003**

(51) LOC (8) Cl. .................................................. **08-05**
(52) U.S. Cl. ............................................... **D8/354**
(58) Field of Classification Search ................. D8/349, D8/354; 248/205.4, 205.6; 52/235; 16/406
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,102,090 A  ✱  4/1992  Farris et al. ............. 248/674
D360,710 S  ✱  7/1995  Colwell .................... D30/121
5,909,758 A  ✱  6/1999  Kitamura .................. 16/406

D439,135 S  ✱  3/2001  Elmer ...................... D8/349
6,412,242 B1 ✱  7/2002  Elmer ...................... 52/235
6,467,227 B1 ✱ 10/2002  Elmer ...................... 52/235

✱ cited by examiner

*Primary Examiner*—Holly H. Baynham
(74) *Attorney, Agent, or Firm*—The Walker Law Firm; Allan Grant

(57) **CLAIM**

The ornamental design of a window grip, as shown and as described.

**DESCRIPTION**

FIG. 1 is a perspective view from the left side of the window grip showing the front, side, and top;
FIG. 2 is a perspective view from the right side of the widow grip showing the front, side and top;
FIG. 3 is a side view of the window grip.
FIG. 4 is a top view of the window grip.
FIG. 5 is a bottom view of the window grip.
FIG. 6 is a back view of the window grip; and,
FIG. 7 is a front view of the grip.

**1 Claim, 3 Drawing Sheets**





*Fig. 1*



*Fig. 2*

EXHIBIT A   PAGE 19



*Fig. 3*



*Fig. 4*

EXHIBIT _A_   PAGE _20_



Fig. 6

Fig. 7

Fig. 5

EXHIBIT A   PAGE 21

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV11- 501 JST  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANAVISE PRODUCTS, INC., a Nevada corporation, | CASE NUMBER |
| | **SACV11-00501 JST (RNBx)** |
| PLAINTIFF(S) | |
| v. | |
| EFORCITY CORPORATION, a California corporation, | **SUMMONS** |
| DEFENDANT(S) . | |

TO:   DEFENDANT(S): _____

    A lawsuit has been filed against you.

    Within 21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, JOSEPH A. WALKER & JASON MATTHEW LAMB , whose address is The Walker Law Firm, A Prof. Corp., 1301 Dove Street, Suite 720, Newport Beach, California 92660-2464 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   APR - 1 2011

By: _____
    ROLLS ROYCE PASCHAL
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PANAVISE PRODUCTS, INC. | EFORCITY CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Joseph A. Walker, State Bar No. 47223<br>Jason Matthew Lamb, State Bar No. 222191<br>THE WALKER LAW FIRM, A Professional Corporation<br>1301 Dove Street, Suite 720<br>Newport Beach, California 92660-2464<br>Telephone: 949.752.2522; Facsimile: 949.752.0439 | |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ 100,000

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

(1) Patent Infringement; (2) Trade Dress Infringement 15 USC Sec. 1125; (3) Violation of Lanham Act Sec. 43(A); (4) State and Common Law Misappropriation and Unfair Competition; (5) Unfair Competition Cal. Bus. & Prof. Code Sec. 17200, et seq.; and (6) Passing Off Lanham Act Sec. 43(A).

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV11-00501 JST (RNBx)**

FOR OFFICE USE ONLY:  Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No    [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No    [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | County of Washoe, State of Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date March 31, 2011

JASON MATTHEW LAMB

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |